J. S44031/19
J. S44032/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DUANE JOSEPH HANN, SR., | : | No. 213 WDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered January 10, 2019,
in the Court of Common Pleas of Bedford County
Criminal Division at No. CP-05-CR-0000030-2009

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DUANE JOSEPH HANN, SR., | : | No. 214 WDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered January 10, 2019,
in the Court of Common Pleas of Bedford County
Criminal Division at No. CP-05-CR-0000213-2010

BEFORE:  SHOGAN, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E:        **FILED NOVEMBER 23, 2020**

Duane Joseph Hann, Sr., appeals from the January 10, 2019 order dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The relevant procedural history of this case, as gleaned from the certified record, is as follows: Appellant pled ***nolo contendere*** to one count of rape of a child,[1] at CP-05-CR-0000030-2009, and ***nolo contendere*** to four counts of rape of a child and one count of aggravated indecent assault of a child,[2] at CP-05-CR-0000213-2010. Sentencing was deferred pending an evaluation by the Sexual Offenders Assessment Board to determine whether appellant met the criteria for a sexually violent predator ("SVP"), pursuant to Megan's Law III.[3] On May 18, 2011, the trial court sentenced appellant to an aggregate term of 10 to 25 years' imprisonment, followed by 10 years' probation. That same day, the trial court held a hearing and classified appellant as an SVP. Appellant did not file a direct appeal.

---

[1] 18 Pa.C.S.A. § 3121(c).

[2] 18 Pa.C.S.A. §§ 3121(c) and 3125(b), respectively.

[3] We note that Megan's Law III, 42 Pa.C.S.A. §§ 9791–9799.9, was replaced by the Sexual Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10-9799.41, which became effective December 12, 2012. On February 21, 2018, the Pennsylvania General Assembly enacted legislation to amend SORNA. ***See*** Act of Feb. 21, 2018, P.L. 27, No. 10 ("Act 10"). Act 10 amended several provisions of SORNA, and also added several new sections found at 42 Pa.C.S.A. §§ 9799.42 and 9799.51-9799.75. In addition, the Governor of Pennsylvania signed new legislation striking the Act 10 amendments and reenacting several SORNA provisions, effective June 12, 2018. ***See*** Act of June 12, 2018, P.L. 1952, No. 29 ("Act 29"). Through Act 10, as amended in Act 29, the General Assembly created Subchapter I, which addresses sexual offenders who committed an offense on or after April 22, 1996, but before December 20, 2012. ***See*** 42 Pa.C.S.A. §§ 9799.51-9799.75. Significantly, Subchapter I also includes a new "failure to register" provision for individuals who committed their offenses during this period. ***See*** 18 Pa.C.S.A. § 4915.2(f)(1).

On January 12, 2018, appellant filed a *pro se* PCRA petition, and counsel was appointed to represent him. On May 30, 2018, counsel filed an amended PCRA petition on appellant's behalf, challenging his designation as an SVP. We note that appellant has not been charged with any registration violation and is currently serving his May 18, 2011 judgment of sentence. Following an evidentiary hearing, the PCRA court dismissed appellant's petition as untimely on January 10, 2019. Thereafter, counsel filed separate, timely notices of appeal on appellant's behalf at CP-05-CR-0000030-2009 and CP-05-CR-0000213-2010, listing both docket numbers on each.[4]

Prior to consideration of the merits of this appeal, we must first address whether appellant's notices of appeal complied with the requirements set forth in the Pennsylvania Rules of Appellate Procedure and *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018). In *Walker*, our supreme court provided a bright-line mandate requiring that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case," or the appeal will be quashed. *Id.* at 971, 976-977. The *Walker* court applied its holding prospectively to any notices of appeal filed after June 1, 2018. In the instant case, appellant filed separate notices of appeal at each docket number in February 2019, and therefore, the *Walker* mandate applies. Appellant's appeals were of a single order resolving issues arising on

---

[4] Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

- 3 -

both docket numbers. A review of the record demonstrates that the notices of appeal listed both docket numbers – CP-05-CR-0000030-2009 and CP-05-CR-0000213-2010 – in their respective captions. A recent *en banc* panel of this court held that such a practice does not invalidate appellant's separate notices of appeal. ***Commonwealth v. Johnson***, ____ A.3d ____, 2020 WL 3869723 at *12 (Pa.Super. July 9, 2020) (***en banc***) (overruling the pronouncement in ***Commonwealth v. Creese***, 216 A.3d 1142, 1144 (Pa.Super. 2019), that "a notice of appeal may contain only one docket number"). Accordingly, we shall consider appellant's claims on appeal.

Appellant raises the following issues for our review:

1. Is [appellant] entitled to relief on a motion to correct illegal sentence[] from his designation as [an SVP] under Megan's Law III?

2. Is [appellant] entitled to relief on a [PCRA petition] from his designation as [an SVP] under Megan's Law III?

3. Is [appellant] entitled to relief on a petition for ***habeas corpus***[] from his designation as [an SVP] under Megan's Law III?

Appellant's brief at 4 (bolding and italics added; extraneous capitalization omitted).

Before we can determine whether we have jurisdiction to entertain the merits of appellant's claims, we must determine whether the PCRA court properly treated appellant's amended petition as a PCRA petition. Appellant styled his petition as an "Amended Petition for Post-Conviction Relief and/or

- 4 -

J. S44031/19
J. S44032/19

*Habeas Corpus* Relief and/or Motion to Correct Illegal Sentence," and contends that even if this court finds that he is not entitled to relief under the PCRA, he "could be granted relief via his Motion to Correct Illegal Sentence . . . and alternatively, his Petition for *Habeas Corpus*." (Appellant's brief at 8.) We disagree.

"[T]he PCRA is intended to be the sole means of achieving post-conviction relief. Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*." *Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa.Super. 2013) (citations omitted); *see also* 42 Pa.C.S.A. § 9542. It is well settled that challenges to the legality of a sentence are cognizable under the PCRA. *See Commonwealth v. Jones*, 932 A.2d 179, 182-183 (Pa.Super. 2007). Likewise, the proposition that SVP designations and registration requirements are civil collateral consequences of a plea and, therefore, not cognizable under the PCRA, is no longer the applicable law in this Commonwealth. In *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), *cert. denied*, ___ U.S. ___, 138 S. Ct. 925 (2018),[5] our supreme court held that the registration requirements of SORNA are punitive in nature and part of the sentence. *Id.* at 1193. As this court has explained: "[i]n light of our Supreme Court's

---

[5] We note that *Muniz* was superseded by statute as stated in *Commonwealth v. Lacombe*, 234 A.3d 602 (Pa. 2020), which was decided July 21, 2020.

- 5 -

announcement in *Muniz*, we are constrained to hold that SORNA's registration requirements are no longer merely a collateral consequence, but rather punishment. *Commonwealth v. Hart*, 174 A.3d 660, 667 (Pa.Super. 2017). Following *Muniz*, it is clear that challenges to SVP designations are cognizable under the PCRA. In reaching this decision, we are mindful that *Muniz* did not specifically address a claim challenging an SVP designation under the pre-SORNA sexual offender statute in effect at the time of appellant's sentencing. Nonetheless, where, as here, the PCRA provides a viable means of obtaining relief, it "encompasses all other common law and statutory remedies for the same purpose . . . including *habeas corpus* and *coram nobis*." *Commonwealth v. Descardes*, 136 A.3d 493, 496-497 (Pa. 2016). Accordingly, we conclude that the trial court properly treated appellant's amended petition as a PCRA petition.

Our standard of review of an order dismissing a petition under the PCRA is "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support

a contrary holding." ***Commonwealth v. Hickman***, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

We first address the timeliness of appellant's PCRA petition because it implicates the jurisdiction of this court and the PCRA court. ***Commonwealth v. Davis***, 86 A.3d 883, 887 (Pa.Super. 2014) (citation omitted). All PCRA petitions, including second and subsequent petitions, must be filed within one year of when an appellant's judgment of sentence becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Here, the record reveals that appellant's judgment of sentence became final on June 18, 2011, 30 days after the trial court sentenced him and the deadline for filing a direct appeal with this court expired. ***See id.***; Pa.R.A.P. 903(a). Accordingly, appellant had until June 18, 2012 to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Appellant's petition was filed on January 12, 2018, more than 5 years after his judgment of sentence became final, and is patently untimely. Accordingly, appellant was required to plead and prove that one of the three statutory exceptions enumerated in Section 9545(b)(1) applies.

The three statutory exceptions to the PCRA time-bar are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petition invoking any of these exceptions must be filed "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Our review indicates that appellant has failed to meet this burden. The crux of appellant's argument is that his designation as an SVP renders his sentence illegal, pursuant to our supreme court's holding in *Muniz* and this court's subsequent decisions in *Commonwealth v. Butler*, 173 A.3d 1212 (Pa.Super. 2017), *reversed*, 226 A.3d 972 (Pa. 2020), and *Commonwealth v. Rivera-Figueroa*, 174 A.3d 674, 678 (Pa.Super. 2017). (*See* appellant's brief at 8-15.) However, in challenging his SVP designation, appellant has failed to specifically invoke any of the three statutory exceptions to the one-year jurisdictional time-bar. On the contrary, appellant's brief makes no argument whatsoever with respect to timeliness of his petition and does not

even cite Section § 9545(b)(1). Accordingly, we lack jurisdiction to review the merits of any of the claims appellant raised in his untimely petition. ***See Commonwealth v. Callahan***, 101 A.3d 118, 123 (Pa.Super. 2014) (holding, if a PCRA petition is untimely on its face, or fails to meet one of the three statutory exceptions to the time-bar, we lack jurisdiction to review it).

In reaching this decision, we recognize that appellant's challenge is to the legality of a sentence, which is cognizable under the PCRA. ***See Jones***, 932 A.2d at 183. However,

> a court may entertain a challenge to the legality of the sentence **so long as the court has jurisdiction to hear the claim.** In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition. Although legality of sentence is always subject to review within the PCRA, **claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.**

***Commonwealth v. Infante***, 63 A.3d 358, 365 (Pa.Super. 2013) (internal citations, quotation marks, and brackets omitted; emphasis added). As noted, appellant has failed to do so.

Alternatively, even if appellant's claim was properly raised under the PCRA, it would merit no relief. As discussed, the ***Muniz*** court found SORNA to be punitive in nature and held that the retroactive application of the registration and reporting requirements therein violated the ***ex post facto*** clauses of the United States and Pennsylvania Constitutions. ***Id.*** at 1219-1223. Thereafter, a panel of this court decided ***Butler*** ("***Butler I***"). In that

case, the appellant challenged his SVP designation on direct appeal. The

**Butler I** court held that the provision of SORNA requiring a court to designate

a defendant an SVP by clear and convincing evidence violates the federal and

state constitutions because it increases a defendant's criminal penalty without

the fact-finder making necessary factual findings beyond a reasonable doubt.

**Butler I**, 173 A.3d at 1218.

While appellant's appeal was pending, however, our supreme court

reversed **Butler I** on March 26, 2020 ("**Butler II**"). In **Butler II**, our

supreme court held that "the procedure for designating individuals as SVPs

under Section 9799.24(e)(3) [of SORNA] is not subject to the requirements

[**Apprendi v. New Jersey**, 530 U.S. 466 (2000), and **Alleyne v. United**

**States**, 570 U.S. 99 (2013),] and remains constitutionally permissible."

**Butler II**, 226 A.3d at 976. The **Butler II** court explained:

> Although we recognize the [registration, notification,
> and counseling] requirements impose affirmative
> disabilities or restraints upon SVPs, and those
> requirements have been historically regarded as
> punishment, our conclusions in this regard are not
> dispositive on the larger question of whether the
> statutory requirements constitute criminal
> punishment. This is especially so where the
> government in this case is concerned with protecting
> the public, through counseling and public notification
> rather than deterrent threats, not from those who
> have been convicted of certain enumerated crimes,
> but instead from those who have been found to be
> dangerously mentally ill. Under these circumstances,
> and also because we do not find the [registration,
> notification, and counseling] requirements to be
> excessive in light of the heightened public safety

concerns attendant to SVPs, we conclude the [registration, notification, and counseling] requirements do not constitute criminal punishment.

*Id.* at 992.

Instantly, in light of our supreme court's recent decision in ***Butler II***, we conclude that because an SVP adjudication is not criminal punishment, appellant's designation as an SVP under SORNA does not constitute reversible error.[6]

Accordingly, we find that the PCRA court properly dismissed appellant's petition as untimely and affirm its January 10, 2019 order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/23/2020

---

[6] We further note the ***Rivera-Figueroa*** decision cited by appellant is inapplicable. In ***Rivera-Figueroa***, a panel of this court held that in the context of a **timely filed** PCRA petition, "***Muniz*** created a substantive rule that retroactively applies in the collateral context." ***Rivera-Figueroa***, 174 A.3d at 678. This matter, however, is clearly distinguishable because appellant's PCRA petition was patently **untimely**.

J. S44031/19
J. S44032/19